UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3469-RGK<br>2:19-cr-428-RGK-1 | Date | December 7, 2022 |
|---|---|---|---|
| Title | *LAMONT DEVAULT v. UNITED STATES OF AMERICA* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC 2255 [DE 1]

## I. INTRODUCTION

On May 9, 2022, Lamont Devault ("Petitioner") filed the present Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). In his Motion, Petitioner contests his sentence based on ineffective assistance of counsel. For the following reasons, the Court denies Petitioner's motion.

## II. FACTUAL BACKGROUND

On February 6, 2020, after Petitioner rejected a plea offer, a jury convicted him on all three counts of the Indictment: (1) conspiracy to distribute methamphetamine and other controlled substances; (2) possession with intent to distribute methamphetamine; and (3) possession with intent to distribute heroin. The conviction arose from Petitioner's involvement with the procurement and distribution of illegal drugs within the Centinela State Prison, where Petitioner was an inmate.

At sentencing, the Court found Petitioner had a Total Offense Level 34 and a Criminal History Category of III, resulting in the guidelines range of 188-235 months. The Court sentenced Petitioner to 188 months in prison, to run concurrently, with the sentence to run consecutively to Petitioner's state sentence.

By way of the current motion, Petitioner argues that his sentence should be reduced, modified, or vacated because his counsel was ineffective.

## III. JUDICIAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255") a federal prisoner in custody may be released if the prisoner can show that: (1) the sentence was imposed in violation of the Constitution or laws of the United States;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3469-RGK<br>2:19-cr-428-RGK-1 | Date | December 7, 2022 |
|---|---|---|---|
| Title | ***LAMONT DEVAULT v. UNITED STATES OF AMERICA*** | | |

(2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack, such as ineffective assistance of counsel. To obtain relief through a § 2255 motion, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

**IV.    DISCUSSION**

Petitioner argues that he chose to reject a plea offer based on erroneous information from his counsel. According to Petitioner, his attorney told him that he would be classified as a career offender, making his criminal history a Category VI, with a sentencing range of 293-365 months. In fact, however, Petitioner's criminal history was a Category III. Had he been given the correct information, he would have accepted the plea offer, possibly received a three-level downward adjustment for accepting responsibility for his culpability, and been subject to a guideline range of 108-135 months. Instead, based on the erroneous information, he rejected the plea offer, and ended up with a 188-month sentence.

By way of his current motion, Petitioner states that he was denied effective assistance of counsel. Specifically, Petitioner argues that his counsel failed to conduct basic research, and to ascertain that Petitioner would not be classified as a career offender, thereby rendering his criminal history a Category III, instead of a Category VI. The Court disagrees.

To prevail on a claim for ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). As to the first element, to demonstrate that counsel's performance was deficient, a petitioner must point to "acts or omissions of counsel" that are "not . . . the result of reasonable professional judgment." *Id.* at 690. With respect to assistance of counsel in the plea-bargaining process, the Ninth Circuit has stated that the key issue is "not whether 'counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002). Courts strongly presume counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* As to the second element, the petitioner must show that there is a *reasonable probability* that, but for counsel's deficient performance, the result of the proceedings would have been different. *Id.* at 694.

Here, the government has introduced the following evidence. Defense Counsel researched the "career offender" provisions of the Sentencing Guidelines and requested a pre-plea criminal history report, which Probation failed to complete before trial. (Opp'n to Mot. to Vacate, Exhibit A, p. 5.) Based on his research and the facts known to him, Defense Counsel believed the provisions would not apply to Petitioner. *Id.* However, he advised Petitioner that whether he was classified as a "career offender"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3469-RGK<br>2:19-cr-428-RGK-1 | Date | December 7, 2022 |
|---|---|---|---|
| Title | ***LAMONT DEVAULT v. UNITED STATES OF AMERICA*** | | |

would ultimately be determined after Probation completed their investigation, should he plead guilty or be convicted at trial. *Id*. Defense Counsel discussed the ramifications such classification could have on his sentence. *Id*. Additionally, the government was asked if it would include, as part of the plea agreement, an agreement that Petitioner not be considered a "career offender." *Id*. The government declined, preferring to defer to Probation on the determination of this issue. *Id*. Defense Counsel did not advise Petitioner whether he should accept or reject the government's plea offer. (Opp'n to Motion to Vacate, Exhibit A, p. 6.) Ultimately, Petitioner decided to reject the offer, for lack of a guarantee that he would not be classified as a career offender. *Id*.

As to what transpired during the plea discussions with his counsel, Petitioner argues only that his counsel advised him that if he accepted the plea offer, "[he] would be charged as a career offender concerning [his] criminal history, stating [he] was a Category 6 with a point level of 34." (Mot. to Vacate, p.2.) There is no evidence or argument that Defense Counsel told Petitioner whether he should accept or reject the plea offer. It appears that the only dispute presented by Petitioner' argument is that Defense Counsel *categorically* stated that Petitioner would be classified as a "career offender."

Upon review, the Court finds that even assuming the truth of Petitioner's argument above, Defense Counsel's assistance fell within the range of competence demanded of attorneys in criminal cases. The determination of criminal history and status as a "career offender" is not a matter of basic research that would yield an easy, definitive answer. The evidence shows that Defense Counsel exercised diligence, by requesting a pre-plea report from Probation, and performing his own research into the "career offender" provisions. Defense Counsel then advised Petitioner of the sentencing ramifications if he was deemed a "career offender." A defendant is not constitutionally guaranteed a definitive, accurate prediction of what will happen during sentencing. *U.S. v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989). Nor is the accuracy of counsel's advice the determinative issue. *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002). In fact, courts have held that it is possible to make a good-faith effort to learn of the relevant facts, and still make a mistake. *See Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006). To satisfy his Constitutional duty, counsel need only "give the defendant the tools he needs to make an intelligent decision." *Id*. at 881. The record indicates that Defense Counsel fulfilled this duty, and the Court finds that Petitioner has failed to establish the first element of his claim for ineffective assistance of counsel.

Even if the first element was satisfied, Petitioner's claim would still fail as to the second element – a *reasonable probability* that, but for counsel's deficient performance, the result of the proceedings would have been different. The difference in result set forth by Petitioner is a three-level downward adjustment for accepting responsibility for his culpability by taking a plea. However, such adjustment is at the discretion of the Court. Therefore, Petitioner's position regarding a different result is too speculative to constitute a reasonable probability of a different outcome.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-3469-RGK<br>2:19-cr-428-RGK-1 | Date | December 7, 2022 |
|---|---|---|---|
| Title | *LAMONT DEVAULT v. UNITED STATES OF AMERICA* | | |

### V. CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/v |